James Cai (SBN 200189)
Brian A. Barnhorst (SBN 130292)
Kat C. Kazemi (SBN 225006)
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA 95110
Telephone: (408) 436-0789
bbarnhorst@sacattorneys.com

Attorneys for Defendant
*Advanced Engineering Services, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMASENSE TECHNOLOGIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED ENGINEERING SERVICES, LLC, <br><br> Defendant. | Case No. 3:20-cv-07905-WHO <br><br> Judge: Hon. William H. Orrick <br> Courtroom 2, 17th Floor <br> **ANSWER OF ADVANCED ENGINEERING SERVICES, LLC, TO COMPLAINT AND AFFIRMATIVE DEFENSES** <br><br> Case Filed: November 10, 2020 <br> Complaint Served: January 16, 2021 |

Defendant Advanced Engineering Services, LLC ("AES") answers the Complaint filed by LumaSense Technologies, Inc. for itself, and no other party, as set for the below. Unless specifically admitted, AES denies each of the allegations of LumaSense's Complaint.

## AS TO ALLEGATIONS REGARDING PARTIES

1. Answering paragraph 1 of the Complaint, said paragraph contains conclusions of law which do not require an answer.

2. Answering paragraph 2 of the Complaint, answering AES admits the allegations in said paragraph.

## AS TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

3. Answering paragraph 3 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

4. Answering paragraph 4 of the Complaint, AES admits it resides in this judicial district and regularly conducts business in this judicial district. AES denies the remaining allegation of paragraph 4.

5. Answering paragraph 5 of the Complaint, AES admits that venue is proper pursuant to 28 U.S.C 1391(b)(1) and that AES resides in this judicial district. AES denies the remaining allegations of paragraph 5.

## AS TO ALLEGATIONS REGARDING FACTUAL BACKGROUND

6. Answering paragraph 6 of the Complaint, AES admits that this lawsuit arose out of an ongoing dispute between the parties and that AES initiated an action in California state court ("State Court Proceedings"). The remaining allegations in said paragraph contain conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies the remaining allegations of paragraph 6.

### LumaSense

7. Answering paragraph 7 of the Complaint and footnote 1 thereto, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph *but for* the contention that "Two of LumaSense's product lines are relevant for this lawsuit: fiber optic temperature ("FOT")

sensors and non-dispersive infrared ("NDIR") sensors."

8. Answering paragraph 8 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph *but for* the contention that "FOT Sensors are temperature-sensing instruments designed to function under difficult conditions – like MRI machines, semiconductors, power transformers, and similar electromagnetic interference environments."

9. Answering paragraph 9 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph.

10. Answering paragraph 10 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph *but for* the contention that "NDIR sensors are gas-sensing instruments – often used to measure the concentrations of certain gases like carbon monoxide and carbon dioxide."

## LumaSense's Trademarks and Copyrights

11. Answering paragraph 11 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph.

12. Answering paragraph 12 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph.

13. Answering paragraph 13 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph.

14. Answering paragraph 14 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph.

### AES and The VAR Agreement

15. Answering paragraph 15 of the Complaint, answering AES has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph.

16. Answering paragraph 16 of Complaint, answering AES admits the allegations in said paragraph of the Complaint.

17. Answering paragraph 17 of Complaint, answering AES admits that LumaSense and AES entered into the Value Added Reseller Agreement ("VAR Agreement"). To the extent the remaining allegations of paragraph 17 seek to paraphrase or characterize the contents of the VAR Agreement, the document speaks for itself and AES denies the allegations to the extent that they are inconsistent with that document.

18. Answering paragraph 18 of the Complaint, to the extent the allegations of paragraph 18 seek to paraphrase or characterize the contents of the VAR Agreement, the document speaks for itself and AES denies the allegations to the extent that they are inconsistent with that document.

19. Answering paragraph 19 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer and the allegations of paragraph 19 seek to paraphrase or characterize the contents of the VAR Agreement, the document speaks for itself and AES denies the allegations to the extent that they are inconsistent with that document.

20. Answering paragraph 20 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

### The State Court Proceeding and Acts of Infringement

21. Answering paragraph 21 of the Complaint, to the extent the allegations of Paragraph 21 seek to paraphrase or characterize the State Court Proceedings, the docket and relevant filings speak for itself. To the extent that said paragraph may be deemed to require an answer, answering AES admits the allegation of said paragraph of the Complaint to the extent they are consistent with what is on record and in the filings with the Superior Court in the State Court Proceedings.

22. Answering paragraph 22 of the Complaint, to the extent the allegations of Paragraph 22 seek to paraphrase or characterize the State Court Proceedings, the docket and relevant filings speak for itself. To the extent that said paragraph may be deemed to require an answer, answering AES admits the allegation of said paragraph of the Complaint to the extent they are consistent with what is on record and in the filings with the Superior Court in the State Court Proceedings.

23. Answering paragraph 23 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

24. Answering paragraph 24 of the Complaint, to the extent the allegations of Paragraph 24 seek to paraphrase or characterize the State Court Proceedings, the docket and relevant filings speak for itself. To the extent that said paragraph may be deemed to require an answer, answering AES admits the allegation of said paragraph of the Complaint to the extent they are consistent with what is on record and in the filings with the Superior Court in the State Court Proceedings.

25. Answering paragraph 25 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

26. Answering paragraph 26 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

27. Answering paragraph 27 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

28. Answering paragraph 28 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

29. Answering paragraph 29 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

30. Answering paragraph 30 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require

an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

31. Answering paragraph 30 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

## AS TO COUNT ONE

## COPYRIGHT INFRINGEMENT – 17 U.S.C. 501, et seq.

32. Answering paragraph 32 of the Complaint, said paragraph contain conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraphs of the Complaint.

33. Answering paragraph 33 of the Complaint, AES lacks information or belief sufficient to admit or deny the allegations of paragraph 33 and therefore denies them.

34. Answering paragraph 34 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

35. Answering paragraph 35 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

36. Answering paragraph 36 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

37. Answering paragraph 37 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

38. Answering paragraph 38 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

39. Answering paragraph 39 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

## AS TO COUNT TWO

## TRADEMARK INFRINGEMENT – 15 U.S.C. 1114, et seq.

40. Answering paragraph 40 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

41. Answering paragraph 41 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

42. Answering paragraph 42 of the Complaint, AES lacks information or belief sufficient to admit or deny the allegations of said paragraph and therefore denies them.

43. Answering paragraph 43 of the Complaint, AES lacks information or belief sufficient to admit or deny the allegations of said paragraph and therefore denies them.

44. Answering paragraph 44 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

45. Answering paragraph 45 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

46. Answering paragraph 46 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

47. Answering paragraph 47 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

48. Answering paragraph 48 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

49. Answering paragraph 49 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

50. Answering paragraph 50 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

## AS TO COUNT THREE

## FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND REPRESENTATION – 15 U.S.C. 1125, et seq.

51. Answering paragraph 51 of the Complaint, said paragraph contain conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

52. Answering paragraph 52 of the Complaint, AES lacks information or belief sufficient to admit or

deny the allegations of said paragraph and therefore denies them.

53. Answering paragraph 53 of the Complaint, AES lacks information or belief sufficient to admit or deny the allegations of said paragraph and therefore denies them.

54. Answering paragraph 54 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

55. Answering paragraph 55 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

56. Answering paragraph 56 of the Complaint, answering AES denies each and every allegation of said paragraph of the Complaint.

57. Answering paragraph 57 of the Complaint, answering AES admits the allegation of said paragraph of the Complaint.

58. Answering paragraph 58 of the Complaint, answering AES admits the allegation of said paragraph of the Complaint.

59. Answering paragraph 59 of the Complaint, AES admits it has no adequate remedy at law on the basis of its claims alleged against LumaSense in the State Court Proceedings. AES denies the remaining allegation of paragraph 59.

### AS TO COUNT FOUR

### CALIFORNIA COMMON LAW UNFAIR COMPETITION

60. Answering paragraph 60 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

61. Answering paragraph 61 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

62. Answering paragraph 62 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering AES denies each and every allegation of said paragraph of the Complaint.

## JURY DEMAND

63. Pursuant to F.R.C.P. Rule 38(b)(2), AES hereby demands a trial by jury on all causes of action in the underlying Complaint, and on all affirmative defenses herein, and on all other issues and questions of fact in this action and in any related action involving AES.

## PRAYER FOR RELIEF

Answering Paragraphs 1-11, and in this section, AES denies that LumaSense is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

AES offers the following separate affirmative defenses and hereby reserves the right to amend this Answer to include any additional affirmative defenses which may be learned or discovered later in these proceedings. The following affirmative defenses are all applicable to each of the four claims asserted against AES in the Complaint, which are Counts One, Two, Three and Four.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief can be granted (F.R.C.P. Rule 12(b)(6)) as to AES.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

LumaSense's claims are barred, in whole or in part, by the lapse of the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, and Estoppel)

Each of the purported claims made in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

AES has not infringed any applicable trademarks under federal or state law.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in amount, manner or at all by reason of any act alleged against AES in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

AES is informed and believes and, based thereon, alleges that any alleged conduct or omission by AES was not the cause in fact, or proximate cause, of any injuries or damages alleged by LumaSense.

## EIGHTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

AES is informed and believes, and based on such information and belief, alleges LumaSense is barred from the relief sought in its Complaint by breaching the alleged agreement VAR Agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

LumaSense's claims are barred, in whole or in part, by the doctrine of unclean hands as a result of, *inter alia*, the acts complained of by AES in the State Court Proceedings, including but not limited to LumaSense's breach of its fiduciary duty owed to AES, its joint venturer; its breach of the VAR Agreement; its breach of the implied covenant of good faith and fair dealing; its interference with prospective economic advantage; and its and misappropriation of AES's trade secrets for illicit gain.

## TENTH AFFIRMATIVE DEFENSE

### (License)

LumaSense's clams are barred, in whole or in part, because LumaSense granted AES a license to use LumaSense's intellectual property for purposes of promoting their joint venture, as explicitly stated in section 1.2 of the VAR Agreement.