ROBERT SLOVAK, TX Bar No. 24013523 (appearing pro hac vice)
  rslovak@foley.com
CHELSEA HILLIARD, TX Bar No. 24068630 (appearing pro hac vice)
  chilliard@foley.com
BRANTLEY SMITH, TX Bar No. 24110475 (appearing pro hac vice)
  bsmith@foley.com
FOLEY & LARDNER LLP
2021 MCKINNEY AVE., SUITE 1600
DALLAS, TX 750201-3340
TELEPHONE: 214.999.3000
FACSIMILE:   214.999.4667

TONY TOOTELL, CA Bar No. 235032
  ttootell@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Plaintiff LumaSense Technologies, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUMASENSE TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED ENGINEERING SERVICES, LLC,<br><br>Defendant. | Case No. 3:20-cv-07905-WHO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: June 23, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br><br>Judge: Hon. William H. Orrick<br>Complaint Filed: November 10, 2020<br><br>Consolidated with Case:<br>*Advanced Engineering Services, LLC v. LumaSense Technologies, Inc.*, Case No. 21-cv-03279-WHO |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 23, 2021, at 2:00 p.m., or as soon as this matter may be heard, in Courtroom 2 — 17th Floor, United States District Court for the Northern District of California, San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff LumaSense Technologies, Inc. ("LumaSense") moves this Court for an order striking certain pleadings and affirmative defenses from Defendant Advanced Engineering Services, LLC's ("AES") Answer to Complaint and Affirmative Defenses ("Answer"). This motion is made under Rule 12(f) of the Federal Rules of Civil Procedure on four grounds: (1) AES fails to provide adequate responses to certain allegations in the Complaint by asserting improper conditional denials and asserting a lack of knowledge to matters in the public record; (2) certain "affirmative defenses" alleged in the Answer are legally insufficient; (3) certain "affirmative defenses" alleged in the Answer are not affirmative defenses; and (4) certain "affirmative defenses" are insufficiently pleaded. LumaSense's motion is based on this Notice of Motion and Motion to Strike Portions of the Answer, the attached Memorandum of Points and Authorities, the pleadings, and records on file, and such other authority and argument as may be presented at the hearing on this motion.

DATE:  MAY 28, 2021

**FOLEY & LARDNER LLP**
TONY TOOTELL
ROBERT T. SLOVAK
CHELSEA L. HILLIARD
BRANTLEY A. SMITH


By: /s/ Chelsea L. Hilliard
      CHELSEA L. HILLIARD
      ATTORNEYS FOR PLAINTIFF
      LUMASENSE TECHNOLOGIES, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

LumaSense brought this action against AES for copyright infringement; trademark infringement; false designation of origin, false description and representation; and unfair competition under California common law. (Doc. No. 1, LumaSense's Complaint ¶¶ 32–63). As alleged in the Complaint, AES infringed on LumaSense's federally registered trademarks and copyrights by copying, reproducing, preparing derivative works, distributing, and/or representing ownership of LumaSense's intellectual property. (*Id.* at ¶¶ 25–30, 32–63) LumaSense discovered these infringing acts when AES attached the infringing materials to a filing in a lawsuit brought by AES against LumaSense in California state court.[1]

In response to the Complaint, AES moved to dismiss and to strike LumaSense's claims, arguing that LumaSense based its claims exclusively on AES's filings in the California state court action. (Doc. No. 23, Def's Motion to Dismiss and Motion to Strike). After a hearing, the Court determined that LumaSense did not base its claims on AES's litigation activity and denied both motions. (Doc. No. 35). Following the denial of these motions, AES answered the Complaint and asserted ten affirmative defenses. (Doc. No. 39, Def. AES's Answer to Complaint and Affirmative Defenses) [hereinafter "Answer"]. In its Answer, AES does not fairly respond to the substance of paragraphs 11, 12, 19, and 33 of the Complaint, failing to meet its low burden under Rule 8(b). These inadequate responses leave LumaSense without fair notice of whether AES admits or denies key allegations in this lawsuit. Likewise, the Answer included one-sentence conclusory affirmative defenses, a legally insufficient affirmative defense, and defenses to LumaSense's prima facie case mischaracterized as "affirmative defenses."

For the purposes of streamlining this case and avoiding being prejudiced by AES's inadequate and insufficient pleadings, LumaSense moves to strike portions of the Answer and particular affirmative defenses under Federal Rule of Civil Procedure 12(f). Specifically, LumaSense moves to strike paragraphs 11, 12, 19, and 33 for inadequate pleading to the extent these paragraphs assert improper conditional denials and assert a lack of knowledge to matters in the public record. LumaSense also

---

[1] LumaSense removed the state court case on May 3, 2021, to the Northern District of California. This Court then related and consolidated the removed case (case no. 21-cv-03279-WHO) with this lawsuit on May 13, 2021. (Doc. No. 44).

1
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE ANSWER; MEMO. OF POINTS & AUTHORITIES
CASE NO. 3:20-CV-07905-WHO

moves to strike AES's First, Third, Fourth, Sixth, Seventh, and Eighth affirmative defenses on three grounds:

First, AES's Sixth "affirmative defense" (No Damage) is legally insufficient to the extent that it is raised in response to LumaSense's copyright infringement claim. The Complaint alleges that AES infringed on LumaSense's copyrighted materials. Infringement of an intellectual property right is itself an injury. LumaSense does not have a further burden to establish additional damages to succeed on its copyright infringement claim.

Second, AES's First, Sixth, and Seventh "affirmative defenses" for failure to state a claim, no damages, and no causation are not affirmative defenses. They are defenses that purport to controvert elements of LumaSense's prima facie case. As a result, characterizing them as affirmative defenses is a misnomer and is redundant because AES denied LumaSense's allegations elsewhere in the Answer. These affirmative defenses should be struck to simplify and streamline the litigation.

Third, AES fails sufficiently plead its Third Affirmative Defense of fair use; Fourth Affirmative Defense for waiver, acquiescence, and estoppel; and Eighth Affirmative Defense for breach of contract. In each instance, AES asserts conclusory affirmative defenses without explanation or factual support. If these affirmative defenses are not stricken from the Answer, LumaSense will be forced to guess how they apply to its claims. Under the applicable *Twombly/Iqbal* pleading standard, a defendant cannot simply list a series of conclusory statements asserting the existence of affirmative defenses without providing *any* factual support or explaining their relevancy to the claims at issue.

For these reasons, LumaSense moves this Court to: (1) strike AES's responses to paragraphs 11, 12, 19, or 33 of the Complaint, (2) deem LumaSense's allegations in those paragraphs admitted, and (3) strike AES's First, Third, Fourth, Sixth, Seventh, and Eighth affirmative defenses.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether AES satisfied the pleading standard under Rule 8 as to paragraphs 11, 12, 19, or 33 of the Answer.
2. Whether the Court should strike AES's Sixth "affirmative defense" as legally insufficient.
3. Whether the Court should strike AES's First, Sixth, and Seventh "affirmative defenses"

        for failure to state a claim, no damages, and no causation under Rule 12(f) because they are not affirmative defenses.

4.     Whether the Court should strike AES's Third Affirmative Defense of fair use; Fourth Affirmative Defense for waiver, acquiescence, and estoppel; and/or Eighth Affirmative Defense for breach of contract under Rule 12 for failing to satisfy the pleading standard for affirmative defenses.

### III.   LEGAL STANDARD

A court may strike an insufficient defense or any redundant, immaterial, impertinent or scandalous matter in a pleading. Fed. R. Civ. P. 12(f). An affirmative defense is insufficient if it does not meet the *Twombly/Iqbal* pleading standard. *See BlackBerry Ltd. v. Typo Prods. LLC,* No. 14-cv-00023-WHO, 2014 WL 1867009, at *5 (N.D. Cal. May 8, 2014) (granting plaintiff's motion to strike defendant's affirmative defenses that did not plead any facts and finding them insufficiently pleaded). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994). "Impertinent" matters consist of statements that do not pertain and are unnecessary to the issues in question. *Id.* A "redundant" matter has been defined as including allegations that are wholly foreign to the issues involved in the case or the needless repetition of allegations. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015).

"The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Frenzel v. Aliphcom,* 76 F. Supp. 3d 999, 1006 (N.D. Cal. 2014) (citing Fed. R. Civ. P. 12(f)). Generally, motions to strike are disfavored, *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp. 2d 556, 566 (C.D. Cal. 2005), and courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). However, "[w]here the motion may have the effect of making trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *State of California ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 (N.D. Cal.

1981).

Further, Federal Rule of Civil Procedure 8(b)(1)(B) states that "[i]n responding to a pleading, a party must: admit or deny the allegations asserted against it by an opposing party." "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). An averment in a pleading that this not properly denied is deemed to be admitted. Fed. R. Civ. P. 8(b)(6).

## IV. ARGUMENT

### A. AES's Answer Fails to Satisfy the Pleading Standard Under Rule 8(b).

LumaSense moves to strike portions of AES's Answer that fails to respond to the substance of LumaSense's allegations and avoids admitting or denying certain allegations. AES's pleading deficiencies come in three forms: (1) failing to fully respond to LumaSense's allegations based on "legal conclusion" objections, (2) asserting that AES has "no information and or belief . . . to enable AES to answer the allegations" despite access to the information, and (3) failing to fully respond to LumaSense's allegations based on an objection that the "document speaks for itself."

#### 1. A Party Must Admit or Deny Allegations Whether or Not They Contain Legal Conclusions or Refer to a Contract.

In the Answer, AES asserts that paragraph 19 of the Complaint calls for a legal conclusion and that the VAR Agreement "speaks for itself." AES refuses to specifically admit or deny the allegations alleged. Paragraph 19 of the Complaint, which provides:

> 19. Importantly, LumaSense and AES did not enter into the VAR Agreement to develop a new sensor in LumaSense's product lines. Rather, AES was a value-added reseller—performing only the integration step for specific customers. LumaSense retained its exclusive ownership in the intellectual property rights, including the copyright, patent, trademark, and trade secret rights in its Original Hardware.

(Doc. No. 1 at 4:7–10). To this parargraph, AES responded:

> 19. Answering paragraph 19 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer and the allegations of paragraph 19 seek to paraphrase or characterize the contents of the VAR Agreement, the document speaks for itself and AES denies the allegations to the extent that they are inconsistent with that document.

(Answer at 4:15–19).

"Refusing to answer an allegation because it calls for legal conclusions 'flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response.'" *Am. Fam. Mut. Ins. Co. v. Beasley*, No. 2:10-CV-2090-GMN-RJJ, 2012 WL 395707, at *3 (D. Nev. Feb. 6, 2012). Likewise, asserting that a "document speaks for itself" does not provide a basis to avoid responding to allegations in a good-faith basis. *Frank v. Wilbur-Ellis Co. Salaried Emps. LTD Plan*, No. CVF080284LJOGSA, 2008 WL 4370095, at *4 (E.D. Cal. Sept. 24, 2008).

AES's response does not give LumaSense fair notice of its position on the parties' relationship under the VAR Agreement. The response does not identify whether AES contends that it entered in the VAR Agreement to develop a new sensor in LumaSense's product line, or whether AES denies that LumaSense retained its exclusive owernship in the intellectual property rights in its "Original Hardware." These are critical questions that go to the heart of the dispute. AES evades answering these questions by asserting conditional denials that do not identify those allegations it perceives as inconsistent with the VAR Agreement or the specific allegations it denies. For that reason, LumaSense will be prejudiced if it must proceed with this lawsuit without the benefit of understanding AES's position on key issues in dispute.

### 2. AES Cannot Deny Allegations or Refuse to Response to Allegations for Lack of Knowledge When The Information Involved is a Matter of Public Record.

LumaSense moves to strike AES's responses to paragraphs 11, 12, and 33 of the Complaint and requests that the Court deem these averments admitted. AES denies having knowledge to respond to information within their possession and in the public record. "Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily

brought within his knowledge, a matter of general knowledge in the community, or a matter of public record." *Chung v. U.S. Bank, N.A.*, No. CV 16-00017 ACK-RLP, 2016 WL 9525594, at *4 (D. Haw. Sept. 6, 2016) (quoting *U.S. v. 1866.75 Board Feet*, 2008 WL 839792, at *3 (E.D. Va. 2008)). Indeed, "[a] denial of knowledge or information in this context casts doubt on the good faith of the pleader." *Id*.

Paragraphs 11 and 12 of the Complaint identify LumaSense's trademark registration numbers and refer to true and correct copies of these registrations attached to the Complaint. (Doc. No. 1 at 2:23–3:7). Similarly, paragraph 3 of the Complaint identifies copyright registrations owned by LumaSense. (Doc. No. 1 at 8:8–10).[2] This information is in the public record, and LumaSense provided the information to AES in the Complaint, both in the text and in the exhibits. (Doc. No. 1). AES cannot contend that it lacks information or belief sufficient to respond to LumaSense's allegations. LumaSense therefore requests that AES's conditional denials be stricken from paragraphs 11, 12, and 33 of the Answer and treat the averments in paragraphs 11, 12, and 33 of the Complaint as admitted. In the alternative, LumaSense requests that the Court order AES to replead its responses to paragraphs 11, 12, and 33 of the Complaint within 10 days.

**B.    AES's First, Third, Sixth, Seventh, and Eighth Affirmative Defenses Should be Stricken from the Answer.**

**1.    AES's Sixth Affirmative Defense Has Already Been Rejected By This Court.**

For its Sixth Affirmative Defense, AES alleges that LumaSense cannot recover the relief it prays for because "there has been no damage in amount, manner or at all by reason of any act alleged against AES in the Complaint . . . ." (Answer at 10:4–8).[3] This defense is lacks merit and is legally insufficient. As this Court explained in its Order denying AES's motion to dismiss and strike (Doc. No. 35), infringement of an intellectual property right is itself an injury. LumaSense does not have the burden to establish additional damages for its copyright infringement. Rather, "[t]o establish infringement, two

---

[2] In response to paragraphs 11 and 12 of the Complaint, AES alleged that it "has no information and or belief upon the subjects of said paragraph sufficient to enable AES to answer the allegations and, on that ground, denies each and every allegation of said paragraph." (Answer at ¶¶ 11, 12). Likewise, for paragraph 33, AES pleads it "lacks information or belief sufficient to admit or deny the allegations of paragraph 33 and therefore denies them." (Answer at ¶ 33).

[3] The Answer states that each affirmative defense applies to all the claims asserted against AES in the Complaint. (Answer at 9:9–13).

elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To the extent AES seeks reconsideration of this Court's conclusions, that deadline has already passed. AES may not reassert a rejected argument by styling it as an affirmative defense.

Thus, under no set of circumstances can AES's Sixth Affirmative Defense succeed is therefore legally insufficient and should be stricken from the Answer to the extent it applies to LumaSense's copyright infringement claim.

### 2. AES's Non-Affirmative Defenses Should Be Stricken.

AES's First, Sixth, and Seventh affirmative defenses for failure to state a claim, no damages, and no causation are not affirmative defenses. "An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true." *E.E.O.C. v. California Psychiatric Transitions, Inc.,* 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010). In contrast, "[a] defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Here, AES's First, Sixth, and Seventh "affirmative defenses" are mere attempts to controvert LumaSense's prima facie case. Establishing damages and causation are a plaintiff's burden and are not affirmative defenses. And AES has elsewhere in its Answer denied LumaSense's allegations, so repleading these defenses as affirmative defenses is redundant. Likewise, "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). These non-affirmative defenses should be stricken from the Answer to simplify and streamline the litigation. *Perez v. Gordon & Wong L. Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012) (striking defendant's affirmative defense of failure to state a claim because it is not an affirmative defense); *Vogel v. Huntington Oaks Del. Partners, LLC*., 291 F.R.D. 438, 442 (C.D. Cal. 2013) (failure to state a claim and no damage or injury are not affirmative defenses because they merely point to defects in the adversary's case); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020).

If these defenses are not stricken, LumaSense may have to respond to discovery based on

meritless "affirmative defenses" that will drive up discovery costs and confuse the issues.

### 3. The Court Should Strike AES's Affirmative Defenses That Fail To Satisfy the Proper Pleading Standard.

LumaSense moves to strike three affirmative defenses that consist of bare statements reciting mere legal conclusions, which fail to apprise LumaSense of their relevancy to the claims alleged. Specifically, LumaSense moves to strike AES's Third Affirmative Defense of fair use; Fourth Affirmative Defense of waiver, acquiescence, and estoppel; and Eighth Affirmative Defense of breach of contract. (Answer at 9:25–28, 10:13–16). Affirmative defenses must satisfy the *Twombly/Iqbal* pleading standard. *Illumina*, No. 19-CV-03770-WHO, 2020 WL 571030, at *5. "Under this standard, a party need only plead some factual support for its affirmative defense, but 'the simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient.'" *Id.* (citing *Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2019 WL 2476620, at *10 (N.D. Cal. June 13, 2019)).

AES's Third, Fourth, and Eighth Affirmative Defenses consist of one-sentence legal conclusions simply asserting the existence of the affirmative defenses without factual support. The Answer pleads as follows:

> **THIRD AFFIRMATIVE DEFENSE**
> **(Fair Use)**
>
> The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

> **FOURTH AFFIRMATIVE DEFENSE**
> **(Waiver, Acquiescence, and Estoppel)**
>
> Each of the purported claims made in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

> **EIGHTH AFFIRMATIVE DEFENSE**
> **(Breach of Contract)**
>
> AES is informed and believes, and based on such information and belief, alleges LumaSense is barred from the relief sought in its Complaint by breaching the alleged agreement VAR Agreement.

(Answer at 9:21–28, 10:13–16).

AES provides no context for how or why these affirmative defenses are relevant to LumaSense's claims and fails to plead any factual allegations to support these affirmative defenses. Without more, LumaSense is left to guess how these affirmative defenses apply to its claims. For example, AES fails to provide an explanation or factual support for why the fair use doctrine bars LumaSense's claims. Likewise, AES does not explain how LumaSense breached the VAR Agreement or why a breach of the VAR Agreement bars LumaSense's trademark, copyright, and unfair competition claims. AES's pleadings are a quintessential example of a series of conclusory statements without explanation and factual support that are insufficient under the *Twombly/Iqbal* pleading standard. *See Illumina*, No. 19-CV-03770-WHO, 2020 WL 571030, at *5. Thus, AES's Fourth and Eighth affirmative defenses should be stricken from the Answer under Rule 12(f).

## V. CONCLUSION

For all these reasons, LumaSense respectfully requests that this Court grant the instant motion and strike (without leave to amend) AES's deficient responsive pleadings to paragraphs 11, 12, 19, and 33 of the Complaint and deem the averments in these paragraphs admitted. LumaSense also respectfully requests that this Court strike (without leave to amend) the First, Third, Fourth, Sixth, Seventh, and Eighth affirmative defenses. In the alternative, if leave to amend is granted, LumaSense requests AES be ordered to file an amended and properly pleaded Answer in no more than ten calendar days after the order granting this motion is issued.

DATE: MAY 28, 2021

**FOLEY & LARDNER LLP**
TONY TOOTELL
ROBERT T. SLOVAK
CHELSEA L. HILLIARD
BRANTLEY A. SMITH


By: /s/ Chelsea L. Hilliard
Chelsea L. Hilliard
ATTORNEYS FOR PLAINTIFF
LUMASENSE TECHNOLOGIES, INC.

**PROOF OF SERVICE Electronic Filing**

I HEREBY CERTIFY that on May 28, 2021, I electronically filed the foregoing **PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing of such filing to all attorneys of record.

/s/ Chelsea L. Hilliard
Chelsea L. Hilliard