UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMASENSE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED ENGINEERING SERVICES, LLC, <br><br> Defendant. | Case No. 20-cv-07905-WHO <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE** <br><br> Re: Dkt. No. 48 |

The purpose of an answer in federal court is to clarify for the parties what is at issue in the case. Lawyers are usually able to address ambiguities or insufficiencies in an answer without litigating motions to strike, which are rarely cost-effective unless directed at an important legal issue.

Before me is plaintiff LumaSense Technologies, Inc. ("LumaSense") motion to strike four of Defendant Advanced Engineering Services, LLC's ("AES") responses in its answer to LumaSense's complaint, for insufficient denial of allegations, and six of AES's affirmative defenses on the grounds that the affirmative defenses are either not affirmative defenses or insufficiently pleaded under *Twombly* and *Iqbal*. I find that two of AES's denials of knowledge or information are insufficiently pleaded and one of AES's denials of knowledge or information is immaterial and impertinent to resolving the matter as it stands. The other response is a sufficient denial of allegations. Three of the disputed affirmative defenses are not proper affirmative defenses because they attack the sufficiency of the plaintiff's prima facie case. Finally, the three remaining disputed affirmative defenses fail to meet the applicable *Twombly/Iqbal* pleading requirement because they are mere conclusory statements with no indication of factual support. I encourage the lawyers to use common sense in the future to avoid disputes like this one.

# BACKGROUND

LumaSense operates its business of providing temperature and gas sensing solutions in Santa Clara County, California. Complaint ¶ 1 [Dkt. No. 1] ("Compl."). On or around late 2013, Akhil Seth, the president of AES, proposed a joint business venture to LumaSense. *Id.* ¶ 16. Shortly after, LumaSense and AES entered the Value Added Reseller Agreement ("VAR Agreement"). *Id.* ¶ 17. The VAR Agreement granted AES a license to access and use LumaSense's sensor products for resale. *Id.* ¶ 17.

After the joint venture failed to materialize, AES filed suit in state court against LumaSense for several claims, including breach of contract and misappropriation of trade secrets. *Id.* ¶¶ 20–22. AES alleged that LumaSense impermissibly used confidential trade secret information obtained under the VAR Agreement and disclosed exhibits identifying the trade secrets at issue. *Id.* ¶¶ 22, 24. The content of AES's exhibits, however, prompted LumaSense to file suit against AES for four claims: (1) copyright infringement; (2) trademark infringement; (3) false designation of origin, false description and representation; and (4) unfair competition. *Id.* ¶ 25. LumaSense alleges that AES improperly used LumaSense's trademarks as its own and removed LumaSense's trademark identifiers and registered symbols. *Id.* ¶ 26.

The original suit between AES and LumaSense was removed to federal court and consolidated with this case on May 14, 2021. Order Granting Joint Administrative Motion to Consolidate [Dkt. No. 45]; *see Advanced Engineering Services, LLC v. LumaSense Technologies, Inc.,* Case No. 21-CV-03279-WHO ("Related Action"). On February 8, 2021, AES filed a motion to strike LumaSense's complaint under California's Anti-SLAPP rule and to dismiss the action under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendant's Motion to Dismiss and Motion to Strike [Dkt. No. 23]. On March 30, 2021, I denied both of AES's motions. Order Denying Motion to Strike and Motion to Dismiss [Dkt. No. 35]. On April 13, 2021, AES filed an answer to LumaSense's complaint that included ten affirmative defenses ("Affirmative Defenses"). Answer [Dkt. No. 39].

LumaSense now moves to strike four of AES's answers and six of AES's affirmative defenses without leave to amend. Motion to Strike Answer ("Mot.") [Dkt. No. 48]. In the

alternative, if leave to amend is granted, LumaSense requests that I order AES to file its amended answer in no more than ten calendar days after the order on this motion is issued. *Id.* at 9.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(b) requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Rule 8(b)(6) states that: "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and alteration omitted). Motions to strike, however, "are generally disfavored by courts because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). Such motions should only be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

**DISCUSSION**

**I.    SUFFICIENCY OF ANSWERS TO THE COMPLAINT**

    **A.    Failure to Deny Under Rule 8(b)**

LumaSense argues that Paragraph 19 of AES's answer adequately responds to allegations in LumaSense's original complaint. Mot. at 4. Paragraph 19 of LumaSense's Complaint alleges:

3

> "Importantly, LumaSense and AES did not enter into the VAR Agreement to develop a new sensor in LumaSense's product lines. Rather, AES was a value-added reseller—performing only the integration step for specific customers. LumaSense retained its exclusive ownership in the intellectual property rights, including the copyright, patent, trademark, and trade secret rights in its Original Hardware."

Compl. ¶ 19.

In Paragraph 19 of its Answer, AES responds:

> "Answering paragraph 19 of the Complaint, said paragraph contains conclusions of law and argument which do not require an answer. To the extent that said paragraph may be deemed to require an answer and the allegations of paragraph 19 seek to paraphrase or characterize the contents of the VAR Agreement, the document speaks for itself and AES denies the allegations to the extent that they are inconsistent with that document."

Answer ¶ 19.

### 1. "Contains conclusions of law"

LumaSense contends that AES refuses to answer the allegation from LumaSense's Complaint and that refusing to do so on grounds that the allegations are "conclusions of law" is inexcusable. Mot. 4–5. As explained above in the legal standard section, a party's failure to respond to an allegation that requires a responsive pleading results in a default admission of the allegation. Fed. R. Civ. P. Rule 8(b)(6). To be sure, refusing to answer an allegation merely on the basis that it contains a legal conclusion may be an insufficient reason for evading the requirements of Rule 8(b). *Guifu Li v. A Perfect Franchise, Inc.*, No. 10-CV-01189-LHK, 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011). But "[w]here defendants deny factual allegations in addition to identifying legal conclusions, Ninth Circuit district courts generally decline to strike defendants' answers." *Id.*

For example, when parties dispute the underlying facts of the allegations in the complaint, the answer may properly deny the paragraph to the extent that the legal conclusion relies on the factual allegation. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1175 (denying plaintiff's motion to deem allegations admitted where defendant failed to answer the legal conclusions but defendant plainly denied the underlying factual allegations of the legal conclusions)*; San Francisco Herring Ass'n v. Pac. Gas & Elec. Co.*, No. 14-CV-04393-WHO, 2015 WL 8482187, at *3 (N.D. Cal. Dec. 10,

2015) (finding that defendant's denial of allegations "to the extent any of these allegations are incomplete and/or inconsistent with the sources from which they originate" was an adequate response to plaintiff's legal conclusions). Generally, such a conditional denial satisfies the standard under Rule 8(b).

AES's answer is sufficient, notwithstanding its response that Paragraph 19 of the Complaint "calls for a legal conclusion," because AES denies the factual allegations on which LumaSense's legal conclusions rest. LumaSense argues that AES failed to respond to its allegation because AES failed to provide fair notice of AES's intentions in entering the VAR Agreement or of AES's perception of LumaSense's ownership rights of the disputed intellectual property. Mot. at 5. But AES contends that its response is proper in part because the phrase "contains conclusions of law" was only directed at the legal dispute over the scope and nature of the VAR agreement. Opposition to Motion to Strike 6 [Dkt. No. 51] ("Oppo."). Further, when read in its entirety, although AES's Answer admits that it entered the VAR Agreement with LumaSense, it denies the remaining factual allegations to the extent that they are inconsistent with the VAR agreement. *See* Answer ¶ 19. To read AES's response as a nonanswer would therefore mischaracterize AES's response because AES explicitly denies the factual allegations on which LumaSense's legal conclusions rest. LumaSense can easily clarify any ambiguity in discovery.

### 2. "Document speaks for itself"

LumaSense argues that AES's answer that the "document speaks for itself" does not meet the good faith requirement under Federal Rule of Civil Procedure 8(b). Mot. 4–5. An answer that states that "the document speaks for itself" is sufficient under Rule 8(b) if the answer also expressly includes an admission or denial of the allegation. *Barnes*, 718 F. Supp. 2d at 1175. This issue has already been settled by courts in this district. The court in *Barnes* found the defendant's statement that the "document speaks for itself" accompanied by admission or denial of the factual allegations met the pleading requirements under Rule 8(b)(1). *Id.* The court reasoned that the conditional denial allowed both parties to "dispute the contents of the referenced document as the litigation progresse[d]." *Id.*; *see also San Francisco Herring Ass'n*, 2015 WL 8482187 at *2 (finding that the defendant's answer that the "document speaks for itself" was sufficient because it

was paired with the denial of the characterization of the documents or admission of allegations only to the extent that they reflected the documents in dispute).

Like the answers in *Barnes* and *San Francisco Herring*, Paragraph 19 of AES's Answer does not merely assert that the VAR Agreement speaks for itself without further clarification. AES plainly denies the allegations and characterizations "to the extent that they are inconsistent with [the VAR Agreement]." Answer ¶ 19. The VAR Agreement rests at the center of the dispute between LumaSense and AES. Following the approach from *Barnes*, I conclude that AES's conditional denial "satisfies its burden under Rule 8(b)(1) by providing partial admission or denial and then a more generalized denial." *Barnes*, 718 F. Supp. 2d at 1175. Paragraph 19 of AES's answer satisfies the standard of Rule 8(b). Accordingly, I DENY the motion to strike Paragraph 19 of the Answer.

### B. Lack of Knowledge Under Rule 8(b)

LumaSense next argues that Paragraphs 11, 12, and 33 constitute insufficient denials under Rule 8(b). It asserts that a response that the defendant has no information or belief to be able to answer the allegations is insufficient when such information is easily obtained as a matter of public record. Mot. at 5–6. But LumaSense misinterprets the case it cites in support. *Id.* In *Chung v. U.S. Bank, N.A.*, 2016 WL 9525594, at *4 (D. Haw. Sept. 6, 2016), the court acknowledged that other courts have held that, "Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record." The court then explained that the Ninth Circuit, however, has held that "courts cannot examine statements in an answer or other pleading and decide, on the basis of their own intuition that the statements are implausible or a sham and thus can be disregarded. Factual allegations in a pleading, as opposed to legal conclusions, must be presumed to be true." *In re Mortgs. Ltd.*, 771 F.3d 623, 632 (9th Cir. 2014).

Under this precedent, "a court cannot disregard statements in a pleading unless the court specifically determines that the statement was made in bad faith under Federal Rule of Civil Procedure 11, or should be struck under Rule 12(f)." *Id.* at 630. LumaSense has not filed a

6

motion for sanctions pursuant to Rule 11, nor would I grant one. Instead, I will consider whether it is appropriate to strike AES's answers as insufficient defenses, redundant, immaterial, impertinent, or scandalous under FRCP 12(f).

Here, Paragraphs 11 and 33 of LumaSense's Complaint allege that LumaSense owns registered trademarks and copyrights. Compl. ¶¶ 11, 33. LumaSense argues that because the Complaint includes specific registration numbers that correspond to a public database, Compl. ¶¶ 11, 33, AES's argument that it could not evaluate the veracity of these statements without proper discovery of LumaSense's documentation, Oppo. 7, is unpersuasive. Mot. at 6. AES contends that its denials pertain to the validity of the trademarks and copyrights rather than the ownership. Oppo. at 7. But that is not how AES responded in the answer. Paragraphs 11 and 33 are insufficiently denied under Rule 8(b).

LumaSense further asserts that I should not grant AES leave to amend. Mot. at 9. That is ridiculous. "In the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979). LumaSense argues that it will face prejudice if "it must proceed with discovery without the benefit of understanding AES's position on key issues in dispute." Reply in Support of Motion to Strike ("Reply") [Dkt. No. 57] at 10. Nonsense. LumaSense does not argue that the conditional denials would cause prejudice if they were to be properly amended. Requiring AES to properly respond to these allegations may help in a modest way to streamline litigation and narrow the dispute. I GRANT the motion to strike Paragraphs 11 and 33 of the Answer with leave to amend.

As for Paragraph 12 of the Complaint, LumaSense alleges that it has attached true and correct copies of the trademark registrations to the record. Compl. ¶ 12. AES's answer denies "each and every allegation of said paragraph." Answer ¶ 12. While it seems implausible that AES lacks knowledge of whether LumaSense attached documents to its complaint, whether LumaSense attached the trademarks to the complaint is unnecessary to resolve the issues in this case, rendering the sufficiency of AES's denial immaterial or impertinent pursuant to Rule 12(f). *See Whittlestone*, 618 F.3d at 974 (defining matter as immaterial and impertinent if it has no essential relationship to the resolution of the dispute). If AES meant to object to the truth or correctness of

1   the documents, AES fails again to plead with sufficient specificity as required under Rule 8(b).
2   Again, LumaSense does not argue that the conditional denial would cause prejudice if it were to
3   be properly amended. I GRANT LumaSense's motion to strike Paragraph 12 of the Answer with
4   leave to amend.

## II. SUFFICIENCY OF AFFIRMATIVE DEFENSES

### A. AES's First, Sixth, and Seventh Defenses are Not Affirmative Defenses

The next issue is whether three of AES's affirmative defenses are proper affirmative defenses, and if not, whether the three defenses should be struck. Mot. 7. LumaSense moves to strike the First, Sixth, and Seventh affirmative defenses of failure to state a claim, no damages, and no causation, respectively. Mot. at 7; *see* Answer at 9–10.

Defenses that target a deficiency of an element of the plaintiff's prima facie case are not affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Moreover, the sturdiness of a defendant's affirmative defense does not rest on the weakness of an element of the plaintiff's prima facie case. *See E.E.O.C. v. California Psychiatric Transitions, Inc.,* 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010) ("An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true.").

Failure to state a claim is not an affirmative defense. *See Thorium Cyber Sec., LLC v. Nurmi*, No. 19-CV-07669-WHO, 2020 WL 7260507, at *8 (N.D. Cal. Dec. 10, 2020) ("A 12(b)(6) defense is not an *affirmative* defense because it seeks to show a defect in the plaintiff's prima facie case") (citing *Zivkovic*, 302 F.3d at 1080). "No damages" is not an affirmative defense because it attacks an element of the plaintiff's prima facie case. *See Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, *442 (C.D. Cal. 2013) (finding that "no damage or injury" was not an affirmative defense "because it merely points to a defect in [plaintiff's] case"); *see also Tattersalls Ltd. v. Wiener*, 2019 WL 669640, at *3 (S.D. Cal. Feb. 19, 2019) (finding that no damages was not an affirmative defense because it did not introduce an "additional set of facts that would bar plaintiff's recovery irrespective of whether plaintiff has stated a prima facie case for

recovery."). And "no causation" is not a proper affirmative defense because it is also directed towards an element of plaintiff's prima facie case. *See Jansen v. Travelers Com. Ins. Co.*, No. 16-CV-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017) (striking defense that defendants were not the cause of any damages because such an argument merely "allege[d] that Plaintiffs have not met their burden of proof," which is not an affirmative defense).

AES argues that even if its affirmative defenses are not properly affirmative defenses, I should not strike them unless LumaSense can demonstrate that the defenses would cause prejudice. As a pragmatist, I could agree with that sentiment, but not as a judge. Granting a motion to strike under Rule 12(f) does not turn on whether the moving party can show prejudice if the pleading itself is insufficient under Rule 8(b). *See Barnes*, 718 F. Supp. 2d at 1173 (holding defendant's "arguments regarding prejudice cannot rescue its otherwise legally insufficient affirmative defenses"); *cf. New York City Employees' Ret. Sys.*, 667 F. Supp. 2d at 1128 (N.D. Cal. 2009) (finding that "[w]here the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even though the offending matter literally was within one or more of the categories set forth in Rule 12(f)," i.e., redundant, immaterial, impertinent, or scandalous, as opposed to insufficient defenses). If it did, I would also have to consider the cascading inefficiency of researching redundant matters. *See, e.g.*, *Barnes*, 718 F. Supp. at 1173 (finding that insufficiently pleaded affirmative defenses may in fact cause prejudice by provoking the parties to engage in "expensive and potentially unnecessary and irrelevant discovery"); *Perez v. Gordon & Wong L. Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 n.6 (N.D. Cal. Mar. 26, 2012) ("prejudice may arise solely from a plaintiff's being required to engage in discovery on frivolous issues"). And AES could simply have stipulated that those are not affirmative defenses, sparing it and me the energy it has taken to address this issue.

Failure to state a claim, no damages, and no causation simply attempt to negate portions of the prima facie case, for which LumaSense already bears the burden of proof at trial. "Defenses [that] are redundant pursuant to Rule 12(f) [] should be struck so as to simplify and streamline the litigation." *Barnes*, 718 F. Supp. 2d at 1174. I GRANT the motion to strike Affirmative Defenses

One, Six, and Seven without leave to amend.[1]

**B. Twombly/Iqbal's Heightened Pleading Standard Applies to Affirmative Defenses And Affirmative Defenses Three, Four, and Eight are Insufficient Under Twombly/Iqbal**

The final issue is whether three other affirmative defenses are sufficiently pleaded under Rule 8(b). Mot. at 8. As a threshold matter, the parties dispute the legal standard for the sufficiency of affirmative defenses. AES asserts that the standard for pleading affirmative defenses is fair notice, relying on the fact that the Ninth Circuit has not explicitly overruled *Wyshak*'s holding that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense," *Wyshak*, 607 F.2d at 827. Oppo. at 7–8. According to AES, requiring its affirmative defenses to provide any more factual detail than already included would improperly subject AES to a heightened pleading standard akin to that of Rule 9(b) for claims of fraud or even Rule 26(a)(2) for expert disclosures. *Id.* at 8. In contrast, LumaSense points to modern case law employing the heightened pleading standard set forth by *Twombly* and *Iqbal*. Mot. at 3, 8.

Although some courts in this circuit have declined to apply the heightened pleading standard, courts in this district have consistently held that the heightened pleading standard under *Twombly*/*Iqbal* applies to affirmative defenses in order to provide fair notice. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1172 ("Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply."); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012) ("*Twombly*'s rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses"); *Blackberry Limited v. Typo Prod. LLC*, No. 14-CV-00023-WHO, 2014 WL 1867009, at *5 (N.D. Cal. May 8, 2014) ("[T]he *Twombly/Iqbal* standard properly applies to affirmative defenses"). As I have done previously, I

---

[1] But this does not preclude AES from filing a motion to dismiss so long as it does not repeat the same arguments made in its prior motion to dismiss, which I denied. *See* Order Denying Motion to Strike and Motion to Dismiss.

will apply the *Twombly/Iqbal* standard to affirmative defenses in this case. *See Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020).

As LumaSense argues, AES's Third, Fourth, and Eighth Affirmative Defenses are "bare statements reciting mere legal conclusions" and are insufficiently pleaded under the *Twombly/Iqbal* standard.[2] Mot. 8. AES's response that LumaSense is well aware of the factual bases for its asserted affirmative defenses and that AES has provided sufficient factual detail by attaching various filings throughout this action is inadequate.[3] Oppo. at 10–12. There is no authority supporting the notion that the opposing party's knowledge of the general facts of the case excuses the omission of factual bases of pleading affirmative defenses. Nor do prior filings suffice, except to the extent that specific, material portions of them are incorporated by reference into the defense.

The purpose of the pleading requirements is to ensure that both parties are properly informed of the factual basis of the opposing party's arguments. *See Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015) ("[A] defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense"). Affirmative defenses that simply reel off a list of legal doctrines without any factual support do not satisfy the heightened plausibility pleading standard under *Twombly/Iqbal*. *See, e.g.*, *Perez*, 2012 WL 1029425, at *10 ("Each of the fifteen affirmative defenses recites a legal conclusion but fails to point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face") (internal quotation marks omitted); *Illumina, Inc. v.*

---

[2] The Third Affirmative Defense states, "The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use." Answer at 9. The Fourth Affirmative Defense states, "Each of the purported claims made in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel." *Id.* The Eighth Affirmative Defense states, "AES is informed and believes, and based on such information and belief, alleges LumaSense is barred from the relief sought in its Complaint by breaching the alleged agreement VAR Agreement."

[3] AES seeks judicial notice of Exhibits 1–4 attached to its opposition brief, which are briefings and orders in the Related Action. Request for Judicial Notice [Dkt. No. 52]. LumaSense argues that AES may not properly use the attached exhibits as the factual basis of AES's affirmative defenses. Reply at 5–6. However, LumaSense does not oppose the request. Accordingly, AES's request is GRANTED.

*BGI Genomics Co.*, 2020 WL 571030, at *5 (finding that a "one-sentence assertion of each defense" was insufficient under the *Twombly/Iqbal* pleading standard for affirmative defenses). AES's Third, Fourth, and Eighth Affirmative Defenses closely resemble the mere recitations of legal doctrines struck down in *Perez* and *Illumina*. AES fails to "provide even a brief statement as to how [Plaintiff's] claims are barred by th[ese] doctrine[s]." *Illumina, Inc.*, 2020 WL 571030, at *5.

The Third, Fourth, and Eighth Affirmative Defenses are insufficiently pleaded. AES must describe why it asserts that a particular legal doctrine applies as an affirmative defense in order to provide fair notice. It may incorporate pertinent portions of prior pleadings and memoranda if that is helpful in delineating what is at issue. I GRANT the motion to strike with leave to amend.

## CONCLUSION

LumaSense's motion to strike is GRANTED in part with leave to amend with respect to Paragraphs 11, 12, and 33 of the Answer and the Third, Fourth, and Eighth Affirmative Defenses. The motion to strike is GRANTED in part without leave to amend with respect to the First, Sixth, and Seventh Affirmative Defenses. The motion to strike is DENIED in part with respect to Paragraph 19 of the Answer. AES may file an amended Answer by July 26, 2021.

**IT IS SO ORDERED.**

Dated: July 14, 2021

William H. Orrick
United States District Judge